IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-439-BO-RJ

MORGAN WILLIAMS, )
           Plaintiff, )
)
v. ) ORDER
)
APPLE, INC., )
)
           Defendant. )

This cause comes before the Court on defendant's motion to dismiss and motion for other relief. [DE 26]. Plaintiff, who proceeds in this action *pro se*, has been notified of her right to respond to the motion to dismiss [DE 28] and has failed to do so. The time for responding having expired, the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint in the United States District Court for the District of Columbia. [DE 1]. In her complaint, plaintiff alleges that defendant violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112 *et seq.*, when it terminated her employment and failed to provide a reasonable accommodation for her disability. Plaintiff also asserts a claim under the District of Columbia Human Rights Act (DCHRA). D.C. Code §§ 2-1401.01, *et seq.*

The complaint was subsequently transferred to this district pursuant to 28 U.S.C. § 1406. [DE 21]. Following transfer of the action, defendant filed the instant motion. [DE 26]. As noted above, despite having been advised of her right to respond, plaintiff has not responded to the motion to dismiss and the time for doing so has expired.

DISCUSSION

Defendant seeks to dismiss plaintiff's DCHRA claim under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and to dismiss plaintiff's ADA claims for under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant also seeks an order directing plaintiff to file her IFP motion on the docket as previously ordered by the court.

A. *Legal Standards*

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). A *pro se* complaint must nonetheless allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet*

2

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted). Additionally, "[w]hen the bare allegations of the complaint conflict with any exhibits or other documents, whether attached or adopted by reference, the exhibits or documents prevail." *RaceRedi Motorsports, LLC v. Dart Mach., Ltd.*, 640 F. Supp. 2d 660, 664 (D. Md. 2009).

The failure to respond to a motion to dismiss permits a court to grant the motion based upon "the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). However, the court must still "review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

B. *DCHRA Claim*

The Court is without jurisdiction to consider plaintiff's DCHRA claim, and it is properly dismissed. "The DCHRA was designed to 'secure an end ... to discrimination' for any reason beyond merit and thereby expand remedies for discrimination beyond those granted by Title VII . . .." *Felton v. Nat'l Ass'n of Soc. Workers*, 305 A.3d 767, 770 (D.C. 2023). The DCHRA permits litigants to file a claim with the District of Columbia Office of Human Rights (OHR), D.C. Code § 2-1403.04, or in any court of competent jurisdiction. *Id.* § 2-1403.16(a). However, "the 'election of remedies' provision of the DCHRA restricts litigants from proceeding in a judicial forum after filing with OHR unless (1) OHR dismissed the complaint for convenience or (2) the complainant has withdrawn the OHR complaint." *Felton*, 305 A.3d at 771.

Here, plaintiff's filings show that she has filed an employment and discrimination complaint with the OHR that was under review in May 2024. [DE 16 at 2 ¶ 5]. Plaintiff has not

3

demonstrated that she has withdrawn her OHR complaint or that it was dismissed on administrative convenience. *See Elzeneiny v. D.C.*, 125 F. Supp. 3d 18, 33 (D.D.C. 2015). Because jurisdiction of the OHR and a court are "mutually exclusive" under the DCHRA, plaintiff may not proceed with her DCHRA claim here. *Bruton-Barrett v. Gilead Scis., Inc.*, 640 F. Supp. 3d 152, 157 (D.D.C. 2022) (citation omitted). As it is plaintiff's burden to demonstrate that subject matter jurisdiction exists and she has failed to do so, this claim is appropriately dismissed.

C. *ADA Claims*

Plaintiff has failed to exhaust her claim for wrongful discharge under the ADA. "[T]he scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009) (abrogated on other grounds by *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541 (2019)); *see also Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (ADA incorporates Title VII's enforcement procedures, including requirement that plaintiff exhaust administrative remedies by filing charge with EEOC). As such, a plaintiff must include sufficient details in her charge to provide a "factual foundation" for any "subsequent litigation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Because of this requirement, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [] lawsuit." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Plaintiff's EEOC charge was filed on June 23, 2022, Compl. § IV(A), and her employment was terminated on May 30, 2023, [DE 11-1 at 2 ¶ 2], close to a year later.[1] Plaintiff's EEOC charge

---

[1] Plaintiff was ordered to file the exhibits referenced in her complaint but which had not been filed with her case initiating documents. *See* Minute Order (D.D.C. Jan. 25, 2024). Those exhibits were later filed by plaintiff at [DE 11-1]. They may be considered when deciding the motion to dismiss,

4

reflects that the latest date plaintiff contends that any discrimination by defendant took place was June 17, 2022. [DE 11-1 at 3]. Plaintiff's EEOC charge does not mention termination or discharge as a basis for discrimination. Where, as here, the administrative charge alleges one type of discriminatory practice but the complaint alleges another type, the type of discriminatory practice alleged in the complaint is typically barred. *Chacko*, 429 F.3d at 509 (4th Cir. 2005). As plaintiff's termination was a discrete event which occurred during a different time period from the conduct identified in plaintiff's EEOC charge, *see, e.g., Thiessen v. Stewart-Haas Racing, LLC*, 311 F. Supp. 3d 739, 745 (M.D.N.C. 2018), it is not reasonably related to the type of discrimination identified in the EEOC charge and is therefore barred.

Plaintiff has further failed to state a claim for failure to accommodate. A claim for failure to accommodate requires a plaintiff to show that (1) she is an individual with a disability within the meaning of the ADA, (2) the employer had notice of the disability, (3) with reasonable accommodation the employee could perform the essential functions of the position, and (4) the employer refused to make such an accommodation. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). While a plaintiff does not need to plead facts which would establish a prima facie case of ADA discrimination to survive a motion to dismiss, she must "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, "reference to the elements of a[n ADA] claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

---

without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

Plaintiff alleges that she was hired by defendant in June 2015 to provide remote chat support. Plaintiff alleges that she suffers from acute/chronic myofascial pain syndrome, pudendal neuralgia, and trigeminal neuralgia. After a period of leave, plaintiff returned to work in January 2022. Upon her return, plaintiff was informed that her position had been changed to a telephone position and that, if she was unable to perform the functions of that position, she could choose a severance package or start an internal thirty-day job search. Plaintiff applied for hundreds of positions, though only one position was comparable to her prior position; the comparable position was for a chat role in the RCC sales department. Plaintiff interviewed for this position and was offered the job. During the interview, plaintiff was informed that the RCC chat position, which had been remote, would be returning to the office. The position was in Austin, Texas and would require plaintiff to relocate. Plaintiff agreed to relocate if defendant could provide her with privacy in order to use a bed desk as well as accommodated breaks. Defendant informed plaintiff that it could accommodate her needs and plaintiff accepted the position. Plaintiff then requested an additional accommodation which would permit her to work remotely after similar positions had returned to the office. Defendant denied plaintiff's request to remain remote. *See, generally,* [DE 11-1 at 13].

Plaintiff's allegations show that defendant offered her a chat-based position in Austin after her prior position was slated to become phone-based. Defendant further agreed to plaintiff's additional accommodation requests, specifically privacy so that she could use a bed desk as well as breaks and time away from her desk. Based on these accommodations, plaintiff accepted the Austin-based chat position. As plaintiff has alleged that she requested reasonable accommodations, which defendant agreed to provide, she has failed to allege that defendant refused to provide her with reasonable accommodations.

6

Plaintiff's EEOC charge does not address her subsequent requested accommodation – that she be permitted to work remotely after the Austin-chat position returned to the office – and defendant argues that she has not exhausted her administrative remedy as to this discrete act. *See Sacks v. Bd. of Educ. of Baltimore Cnty.*, No. CV RDB-21-968, 2021 WL 5233752, at *4 (D. Md. Nov. 9, 2021).

> In determining whether she exhausted her claims, we give [plaintiff] credit for charges stated in her administrative charging document, as well as "charges that would naturally have arisen from an investigation thereof." But when the claims in her court complaint are broader than "the allegation of a discrete act or acts in [the] administrative charge," they are procedurally barred.

*Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) and citing *Chacko*, 429 F.3d at 508–10).

Where the "plaintiff did not change the type of discrimination alleged, just the type of accommodation, or relief, she requested[,]" courts have found that an accommodation request that does not appear in the EEOC charge is sufficiently reasonably related to have been exhausted by the accommodation identified in the charge. *See Walton v. Harker*, 33 F.4th 165, 174 (4th Cir. 2022); *see also Sydnor, Va.*, 681 F.3d at 595. As plaintiff's EEOC charge and any reasonable investigation thereof would arguably have led to plaintiff's subsequent request for fully remote work, the Court determines that this claim is exhausted for the purposes of this motion. However, the claim is nonetheless subject to dismissal.

Plaintiff alleges that after she had accepted the Austin-based chat position, defendant denied her new requested accommodation to work remotely. She alleges that defendant stated she would need to "move to Austin and remain at home there until they could accommodate in person." [DE 11-1 at 13]. Plaintiff's doctor then requested medical leave for plaintiff and plaintiff was

7

placed on short term disability leave. *Id.*; [DE 11-1 at 2]. Plaintiff has failed to plausibly allege that she requested an additional reasonable accommodation which defendant denied.

First, plaintiff does not plausibly allege that the accommodations which she requested and to which defendant agreed were somehow deficient or not reasonable. Plaintiff contends that she and her doctor subsequently agreed that use of a bed desk was "not a delicate interaction," but she does not explain why such an accommodation was not reasonable. Additionally, according to plaintiff's own statement, defendant would permit plaintiff to work remotely until accommodations which would allow her to work in-person were in place. "Implicit in the fourth element is the ADA requirement that the employer and employee engage in an interactive process to identify a reasonable accommodation." *Haneke v. Mid-Atl. Cap. Mgmt.*, 131 F. App'x 399, 400 (4th Cir. 2005). Plaintiff has failed to plausibly allege that at this point in her employment she engaged in an interactive process with defendant regarding a remote position. In sum, to the extent this discrete request for accommodation is exhausted, plaintiff has failed to nudge her failure to accommodate claim across the line from conceivable to plausible. The claim is therefore appropriately dismissed.

As each of the claims in plaintiff's complaint are dismissed, defendant's request for relief under Fed. R. Civ. P. 7 is moot.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss and for other relief [DE 26] is GRANTED IN PART and DENIED IN PART AS MOOT. Plaintiff's complaint is hereby DISMISSED in its entirety. Defendant's request for other relief is DENIED AS MOOT. The clerk is DIRECTED to close the case.

8

SO ORDERED, this \_\_4\_\_ day of December 2024.

                                                      *Terrence Boyle*
                                      TERRENCE W. BOYLE
                                      UNITED STATES DISTRICT JUDGE